IN THE UNITED COMMONWEALTH DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALYSSA VINEY<br>420 Hillside Avenue<br>Jenkintown, PA 19046 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | DOCKET No.: |
| | : | |
| JENKINTOWN SCHOOL DISTRICT<br>325 Highland Avenue<br>Jenkintown, PA 19046 | : | |
| | : | |
| And | : | |
| | : | |
| MARK CITRON<br>1800 Danforth Street<br>Philadelphia, PA 19152 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, Alyssa Lynn Viney ("Ms. Viney"), by way of Complaint against the

Defendants, Jenkintown School District ("Defendant Jenkintown") and Mark Citron ("Defendant

Citron"), says:

## Count I – Parties, Jurisdiction and Venue

1. Plaintiff, Alyssa Viney, is an adult individual residing at 420 Hillside Avenue, Jenkintown,

Pennsylvania[1].

2. Upon information and belief, Defendant Citron, currently resides at 1800 Danforth Street,

Philadelphia, PA, and at all times relevant to this matter, he was and is a resident and citizen of

the Commonwealth of Pennsylvania.

---

[1] Ms. Viney was a minor during the period of time that the abuse and incidents took place, but is currently of majority age.

3.  Upon information and belief, Defendant Jenkintown is a non-profit organization formed under the laws of the Commonwealth of Pennsylvania.

4.  This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C.A. Section 1983 and U.S.C.A. Constitutional Amendment 14 because there is a Federal question at issue as to the Plaintiff's due process right to bodily integrity.

## Count II – Background

5.  Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

6.  From approximately January 2010 until June 2010 Ms. Viney was a high school student in Defendant Jenkintown's School District, that being Jenkintown High School, and was a minor under the age of eighteen (18).

7.  Also, from approximately January 2010 through June 2010, Defendant Citron was an employee/agent of Defendant Jenkintown where he held a number of positions of authority, including, but not limited to, Athletic Director and Principal's Assistant.

8.  During this period of time, Defendant Citron engaged Ms. Viney in an illegal and inappropriate sexual relationship, during which period of time Ms. Viney was a minor of seventeen (17) years old.

9.  During the period of time, Defendant Citron regularly and excessively called Ms. Viney out of class and required that she visit his office.

10. During the period of time, Defendant Citron had required Ms. Viney to come to his office on practically a daily basis for approximately six (6) months.

11. The overwhelming majority of the time that Defendant Citron required Ms. Viney to meet

2

with him, were done using the school's internal phone system, whereby Defendant Citron would call Ms. Viney's teachers and order her to come to his office.

12. Many of Ms. Viney's teachers received excessive phone calls from Defendant Citron relative to requiring Ms. Viney to visit his office, but failed to take any action to investigate, question, manage, or stop said meetings. Some of those teachers include, but are not limited to: Carol Telly, Jamie Burick, Amy DeWeese, Renate Costner and Christina Burnett.

13. Other agents and/or employees of the Defendant Jenkintown, including, but not limited to, the Principal of Jenkintown High School (Thomas Roller), the school receptionists (Carol Bauman and Laura Nussbaum) as well as Ms. Viney's teachers mentioned above, were aware that Mr. Citron was calling Ms. Viney into Mr. Citron's office on almost a daily basis.

14. The offices of Defendant Jenkintown's employees, those employees being the Principal and the school receptionists, were directly adjacent to, and in extremely close proximity of, Defendant Citron's office where the overwhelming majority of the illegal and inappropriate acts were facilitated.

15. In other words, multiple employees of Defendant Jenkintown were on notice, that being actual and constructive notice, of the excessive closed door meetings between Defendant Citron and Ms. Viney, because of the close proximity of their offices to Defendant Citron's office, as well as receiving phone calls from Defendant Citron.

16. Defendant Jenkintown High School's Principal, the receptionists and Ms. Viney's teachers (and possible other employees/agents of Defendant Jenkintown) made statements during this period of time relative to the extremely high number of times that Mr. Citron had called Ms. Viney to his office, but failed to take any act whatsoever to investigate, question, supervise, monitor or stop said meetings.

3

17. Throughout this period of time, Defendant Citron used his office and other rooms in Jenkintown High School to engage Ms. Viney in illegal and inappropriate sexual acts, at such times he would close the door to his office and other rooms such as a school closet.

18. Throughout this period of time, Defendant Citron engaged in an illegal sexual relationship with minor-student Ms. Viney which included, but is not limited to, **sex, oral sex, sexual assault, sexual harassment and inappropriate sexual touching**.

19. Defendant Citron was arrested for these acts and is currently being prosecuted criminally.

<u>**Count III – 1983 Civil Rights Action – Defendant Jenkintown**</u>

20. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

21. Defendant, Jenkintown School District, violated Plaintiff Ms. Viney's constitutional rights under 42 U.S.C. 1983.

22. Defendant, the School District of Jenkintown, violated the Plaintiff's rights to bodily integrity under the 14th Amendment to the United States Constitution.

23. Agents/employees of Defendant Jenkintown, those including but not limited to, the Principal, the school receptionists and Ms. Viney's teachers, were aware of the excessive meetings with Defendant Citron and Ms Viney and failed to take any steps to manage, supervise, investigate, or stop these closed-door meetings between Defendant Citron and minor Ms. Viney.

24. At least the Principal, the school receptionists and Ms. Viney's teachers were aware of these closed door meetings and took no actions to investigate, stop or otherwise manage/supervise these meetings.

25. Defendant Jenkintown, by and through its employees/agents were on notice that Defendant

4

Citron and minor Ms. Viney were regularly engaging in closed door meetings, without anyone else being present.

26. Defendant Jenkintown's actions or inactions of allowing ongoing, practically daily, closed door meetings between an adult male employee/agent and a female minor-student, without taking any act to supervise, manage, question, investigate or otherwise stop these meetings constitutes outrageous behavior and shocks the conscience.

27. The actions, or inactions, of Defendant Jenkintown's employees/agents allowed the illegal acts of Defendant Citron to continue and/or escalate.

28. The actions, or inactions, of Defendant Jenkintown represent outrageous behavior and were a proximate and direct cause of Defendant Citron's illegal behavior continuing and/or escalating.

29. Defendant Jenkintown's intentional and/or malicious acts violated Ms. Viney' rights to bodily integrity under the 14th Amendment to the United States Constitution.

30. Defendant Jenkintown's actions, or inactions, violated multiple conduct/disciplinary procedures of the School District of Jenkintown.

31. Specifically, Defendant Jenkintown violated its own conduct, disciplinary procedures, and/or governmental/school district customs, as follows:

   (A) Policy Number 248 (attached as Exhibit "A"), relative to Defendant Jenkintown failing to take any acts to prohibit illegal and impermissible sexual harassment.

   (B) Policy Number 317 (attached as Exhibit "B"), relative to Defendant Jenkintown failing to take any acts to maintain orderly behavior between administrator Defendant Citron and Ms. Viney.

(C) Policy Number 417 (attached as Exhibit "C"), relative to Defendant Jenkintown failing to take any acts to maintain orderly behavior between employee Defendant Citron and Ms. Viney.

(D) The Defendant Jenkintown's policy relative prohibiting employees/agents of Jenkintown to engage in closed door meetings with students without others being present.

(E) The governmental and school district custom of prohibiting employees/agents of Jenkintown to engage in closed door meetings with students without others being present.

(F) The governmental and school district custom of investigating excessive meetings between minor students and adult teacher/administrators without others being present.

(G) The governmental and school district custom and policy to protect minor children.

32. Because Defendant Jenkintown's acts or failures to act, it violated Section 1983 and Ms. Viney's rights to bodily integrity under the 14th Amendment of the United States Constitution, the Defendants are therefore liable for such violations.

33. As a direct and proximate result of the defendants' acts, Ms. Viney was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety and Plaintiff continues to be fearful, anxious, and nervous.

34. As a direct and proximate result of the defendants' acts, Ms. Viney was caused to obtain medical and psychiatric treatment, which medical and psychiatric treatment will continue for an indeterminable length of time, possibly permanently.

WHEREFORE, Plaintiff, Alyssa Viney, demands judgment against the Defendants for compensatory and punitive damages, loss of life's pleasures, together with interest and attorney costs and further relief as the court deems appropriate.

6

## Count IV – 1983 Civil Rights Action – Defendant Citron

35. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

36. Defendant Citron violated Plaintiff Ms. Viney's constitutional rights Under 42 U.S.C. 1983.

37. Defendant Citron violated the Plaintiff's rights to bodily integrity under the 14th Amendment to the United States Constitution.

38. Defendant Citron's actions as explained in detail hereinabove, were done intentionally, maliciously and shock the conscience.

39. Defendant Citron's actions violated multiple conduct/disciplinary procedures of his employer, the School District of Jenkintown.

40. Specifically, Defendant Citron violated his employer's conduct and disciplinary procedures, and/or governmental/school district custom, as follows:

(H) Policy Number 248 (see Exhibit "A"), engaging in illegal and impermissible sexual harassment.

(I) Policy Number 317 (see Exhibit "B"), failing to maintain orderly behavior between administrator Defendant Citron and Ms. Viney.

(J) Policy Number 417 (see Exhibit "C"), failing to maintain orderly behavior between employee Defendant Citron and Ms. Viney.

(K) Violating governmental and school district policy of engaging in closed door meetings with students without others being present.

(L) Violating the governmental/school district custom of not engaging in closed door meetings with students without others being present.

41. Defendant Citron's intentional and/or malicious acts in his official capacity as an

employee/agent of Defendant Jenkintown School District, or in the alternative in his individual capacity, violated Ms. Viney' rights to bodily integrity under the 14th Amendment to the United States Constitution.

42. Because Defendant Citron's acts in his official capacity as an employee/agent of Defendant Jenkintown School District, or in the alternative in his individual capacity, violated Section 1983 and Ms. Viney's rights to bodily integrity under the 14th Amendment of the United States Constitution, the Defendants are therefore liable for such violations.

43. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety and plaintiff continues to be fearful, anxious, and nervous.

44. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to obtain medical and psychiatric treatment, which medical and psychiatric treatment will continue for an indeterminable length of time, possibly permanently.

WHEREFORE, Plaintiff, Alyssa Viney, demands judgment against the Defendants for compensatory and punitive damages, loss of life's pleasures, together with interest and attorney costs and further relief as the court deems appropriate.

## Count V –Intentional Infliction of Emotional Distress – Defendant Jenkintown

45. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

46. For a period of approximately six (6) months (as described hereinabove), Defendant Citron engaged in an illegal and inappropriate sexual relationship with minor Ms. Viney, during school hours and using the school facilities to facilitate such acts.

47. During this period of time, multiple employees/agents of Defendant Jenkintown were aware

8

of the practically daily closed door meetings between Defendant Citron and Ms. Viney.

48. At least the Principal, the school receptionists and Ms. Viney's teachers were aware of these closed door meetings and took no actions to investigate, stop or otherwise manage/supervise these meetings.

49. Defendant Jenkintown, by and through its employees/agents, were on notice that Defendant Citron and minor Ms. Viney were regularly engaging in closed door meetings, on practically a daily basis, without anyone else being present.

50. Defendant Jenkintown was on notice, either via actual notice or constructive notice, of the interactions, meetings, and inappropriate and illegal contact between Defendant Citron and Ms. Viney.

51. Defendant Jenkintown's actions or inactions of allowing ongoing, practically daily, closed door meetings between an adult male employee/agent and a female minor-student, without taking any act to supervise, manage, question, investigate or otherwise stop these meetings constitutes outrageous behavior.

52. The actions, or inactions, of Defendant Jenkintown's employees/agents allowed the illegal acts of Defendant Citron to continue and/or escalate.

53. The actions, or inactions, of Defendant Jenkintown represent outrageous behavior and were a proximate and direct cause of Defendant Citron's illegal behavior continuing and/or escalating.

54. Defendant Jenkintown's intentional acts of failing to take any reasonable measures to supervise, manage, question, investigate or otherwise stop these meetings constitutes outrageous behavior.

55. Defendant Jenkintown's intentional acts were intentional, willful acts that exceeded all bounds of decency.

9

56. Defendant Jenkintown's acts, by and through its agents/employees, were extreme and outrageous and any reasonable person would have known that to act in such a way would be to incur liability.

57. Defendant Jenkintown's intentional and outrageous acts resulted in Plaintiff, Ms. Viney, sustaining serious and permanent emotional distress and mental anguish.

58. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety and Plaintiff continues to be fearful, anxious, and nervous.

59. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to obtain medical and psychiatric treatment, which medical and psychiatric treatment will continue for an indeterminable length of time, possibly permanently.

WHEREFORE, Plaintiff, Alyssa Viney, demands judgment against the Defendants for compensatory and punitive damages, loss of life's pleasures, together with interest and attorney costs and further relief as the court deems appropriate.

### Count VI – Intentional Infliction of Emotional Distress - Defendant Citron

60. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

61. For a period of approximately six (6) months (as described hereinabove), Defendant Citron engaged in an illegal and inappropriate sexual relationship with minor Ms. Viney.

62. Defendant Citron's intentional acts were a direct and proximate cause of Ms. Viney's emotional distress.

63. Defendant Citron's intentional acts of engaging a minor, Ms. Viney, in sex, oral sex,

10

sexual assault, sexual harassment and inappropriate sexual touching, were outrageous and represent outrageous conduct.

64. Defendant Citron's intentional acts were intentional, willful acts that exceeded all bounds of decency.

65. Defendant Citron's acts were extreme and outrageous and any reasonable person would have known that to act in such a way would be to incur liability.

66. Defendant Citron's intentional and outrageous illegal and inappropriate sexual acts have resulted in Plaintiff, Ms. Viney, sustaining serious and permanent emotional distress and mental anguish.

67. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety and Plaintiff continues to be fearful, anxious, and nervous.

68. As a direct and proximate result of the Defendants' acts, Plaintiff was caused to obtain medical and psychiatric treatment, which medical and psychiatric treatment will continue for an indeterminable length of time, possibly permanently.

WHEREFORE, Plaintiff, Alyssa Viney, demands judgment against the Defendants for compensatory and punitive damages, loss of life's pleasures, together with interest and attorney costs and further relief as the court deems appropriate.

### Count VII – Vicarious Liability - Defendant Jenkintown

69. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

70. Defendant Citron was an employee/agent of Defendant Jenkintown during all times relevant to the allegations contained herein.

11

71. At all times relevant hereto, Ms. Viney was a student at Defendant Jenkintown's High School which was and is a facility operated by Defendant Jenkintown.

72. At the times and places of the incidents as explained herein, Defendant Citron was acting in in his official capacity of his employment with Defendant Jenkintown.

73. At all times relevant hereto, Defendant Citron held positions of authority over minor-student Ms. Viney and in his official capacity as an agent/employee of Defendant Jenkintown took advantage of his power and authority over minor-student Ms. Viney.

74. As such, Defendant Jenkintown is vicariously liable for the illegal and inappropriate acts of Defendant Citron, as more particularly described hereinabove.

75. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety and plaintiff continues to be fearful, anxious, and nervous.

76. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to obtain medical and psychiatric treatment, which medical and psychiatric treatment will continue for an indeterminable length of time, possibly permanently.

WHEREFORE, Plaintiff, Alyssa Viney, demands judgment against the Defendants for compensatory and punitive damages, loss of life's pleasures, together with interest and attorney costs and further relief as the court deems appropriate.

### Count VIII – Negligent Supervision of Employees - Defendant Jenkintown

77. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

78. At all times relevant hereto, Defendant Citron was an employee/agent of Defendant Jenkintown, in multiple official capacities, as described in detail hereinabove.

12

79. At all times relevant hereto, Defendant Jenkintown had a duty to properly and adequately supervise and oversee the conduct of its employees, specifically employee/Defendant Citron.

80. Defendant Jenkintown owed a duty to minor-student Ms. Viney to properly and adequately supervise and oversee the behavior and actions of its employee-Defendant Citron.

81. Defendant Jenkintown breached its duty to Ms. Viney to properly and adequately supervise and oversee the acts and conduct of employee-Defendant Citron.

82. Specifically, Defendant Jenkintown breached said duty owed to student-minor Ms. Viney, as follows:

   (A) Breaching Policy Number 248 (see Exhibit "A"), relative to Defendant Jenkintown failing to take any acts to prohibit illegal and impermissible sexual harassment.

   (B) Breaching Policy Number 317 (see Exhibit "B"), relative to Defendant Jenkintown failing to take any acts to maintain orderly behavior between administrator Defendant Citron and Ms. Viney.

   (C) Breaching Policy Number 417 (see Exhibit "C"), relative to Defendant Jenkintown failing to take any acts to maintain orderly behavior between employee Defendant Citron and Ms. Viney.

   (D) Breaching Defendant Jenkintown's policy relative prohibiting employees/agents of Jenkintown to engage in closed door meetings with students without others being present.

   (E) Breaching the governmental and school district custom of prohibiting employees/agents of Jenkintown to engage in closed door meetings with students without others being present.

13

(F) Breaching the governmental and school district custom of investigating excessive meetings between minor students and adult teacher/administrators without others being present.

(G) Breaching the governmental and school district custom and policy to protect minor children.

83. As described in more detail hereinabove, multiple employees/agents of Defendant Jenkintown were on actual and/or constructive notice of the Defendant Citron excessively requiring Ms. Viney to meet in his office, with the door closed, and did nothing to investigate, question, supervise, monitor or cease said meetings, which directly and proximately caused extreme damage and injuries to Ms. Viney.

84. As a direct and proximate result of the Defendants' actions, or inactions, Ms. Viney was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety and plaintiff continues to be fearful, anxious, and nervous.

85. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to obtain medical and psychiatric treatment, which medical and psychiatric treatment will continue for an indeterminable length of time, possibly permanently.

WHEREFORE, Plaintiff, Alyssa Viney, demands judgment against the Defendants for compensatory and punitive damages, loss of life's pleasures, together with interest and attorney costs and further relief as the court deems appropriate.

### Count IX – Negligent Infliction of Emotional Distress - Defendant Jenkintown

86. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

87. At all times relevant hereto, Defendant Citron was an employee/agent of Defendant

14

Jenkintown, in multiple official capacities, as described in detail hereinabove.

88. At all times relevant hereto, Defendant Jenkintown had a duty to properly and adequately

supervise and oversee the conduct of its employees, specifically employee/Defendant Citron.

89. Defendant Jenkintown owed a duty to minor-student Ms. Viney to properly and adequately

supervise and oversee the behavior and actions of its employee-Defendant Citron.

90. Defendant Jenkintown breached its duty to Ms. Viney to properly and adequately supervise

and oversee the acts and conduct of employee-Defendant Citron.

91. Specifically, Defendant Jenkintown breached said duty owed to student-minor Ms. Viney, as

follows:

  (A)Breaching Policy Number 248 (see Exhibit "A"), relative to Defendant Jenkintown

     failing to take any acts to prohibit illegal and impermissible sexual harassment.

  (B) Breaching Policy Number 317 (see Exhibit "B"), relative to Defendant Jenkintown

     failing to take any acts to maintain orderly behavior between administrator Defendant

     Citron and Ms. Viney.

  (C) Breaching Policy Number 417 (see Exhibit "C"), relative to Defendant Jenkintown

     failing to take any acts to maintain orderly behavior between employee Defendant Citron

     and Ms. Viney.

  (D)Breaching Defendant Jenkintown's policy relative prohibiting employees/agents of

     Jenkintown to engage in closed door meetings with students without others being present.

  (E) Breaching the governmental and school district custom of prohibiting employees/agents

     of Jenkintown to engage in closed door meetings with students without others being

     present.

15

(F) Breaching the governmental and school district custom of investigating excessive meetings between minor students and adult teacher/administrators without others being present.

(G) Breaching the governmental and school district custom and policy to protect minor children.

92. As described in more detail hereinabove, multiple employees/agents of Defendant Jenkintown were on actual and constructive notice of the Defendant Citron excessively requiring Ms. Viney to meet in his office, with the door closed, and did nothing to investigate, question, supervise, monitor or cease said meetings, which directly and proximately caused extreme damage and injuries to Ms. Viney.

93. Said employees/agents were negligent and breached their duty to minor-student Ms. Viney by failing to investigate, question supervise, monitor or cease said meetings between Defendant Citron and Ms. Viney.

94. As a direct and proximate result of the Defendants' actions, or inactions, Ms. Viney was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety and plaintiff continues to be fearful, anxious, and nervous.

95. As a direct and proximate result of the Defendants' acts, Ms. Viney was caused to obtain medical and psychiatric treatment, which medical and psychiatric treatment will continue for an indeterminable length of time, possibly permanently.

WHEREFORE, Plaintiff, Alyssa Viney, demands judgment against the Defendants for compensatory and punitive damages, loss of life's pleasures, together with interest and attorney costs and further relief as the court deems appropriate.

16

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**
**NOTICE OF DESIGANATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that pursuant to the Rules of the Court, JAMES W. SUTTON,

III, ESQUIRE, is hereby designated as trial counsel of the within matter.

VLASAC & SHMARUK

Date: __11/15/12__          By: _____

James W. Sutton, III, Esquire
Attorney for Plaintiff
1014 Mill Creek Drive
Feasterville, PA 19053
(215) 364-7900

17

## L.Civ.R.11.2 CERTIFICATION

I am not aware of any other court case, arbitration or administrative proceeding involving

the matter in controversy herein.

I certify under penalty of perjury that the foregoing is true and correct

Executed on __11__/__15__, 2012

_____
JAMES W. SUTTON, III, ESQUIRE