IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALYSSA VINEY, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 12-6517 |
| JENKINTOWN SCHOOL DISTRICT, ET AL., | : |
| Defendants. | : |

**Goldberg, J.**                                                                                                          **September 10, 2014**

**MEMORANDUM OPINION**

Plaintiff Alyssa Viney has alleged that Defendant Mark Citron, an Athletic Director and Principal's Assistant in the Jenkintown School District (the District), sexually abused her for several months in 2010. Plaintiff further claims that the District turned a blind eye to this abuse, despite having reasons to know that Citron was victimizing her on a regular basis.

Plaintiff has brought several state and federal claims against both the District and Citron. The District has filed a motion to dismiss. Upon consideration of this motion, I conclude that Pennsylvania law immunizes the District from Plaintiff's state law claims, but that her federal claim may proceed.

I.   **Factual and Procedural Background**

In evaluating Defendant's motion to dismiss for failure to state a claim, I take all factual allegations in the complaint as true, and draw all reasonable inferences in favor of Plaintiff. These facts are as follows:

1

During the 2009-2010 school year Plaintiff was a senior at Jenkintown High School. During that year, and when she was 17-years-old, she met Defendant, Mark Citron, who was the Athletic Director and Principal's Assistant. (Compl. ¶¶ 6-8.)

According to the complaint, Citron regularly telephoned (through an internal phone system) Plaintiff's teachers and ordered her to come to his office. It is alleged that during those meetings Citron sexually assaulted Plaintiff on numerous occasions, including having Plaintiff perform oral sex. These meetings occurred "on practically a daily basis" between January and June of 2010, leading Plaintiff's teachers to comment on the amount of time that Plaintiff was spending out of class and with Citron. Plaintiff claims that despite noticing Citron's unusual behavior, no one at the school "t[ook] any action to investigate, question, manage, or stop said meetings." (Compl. ¶¶ 10-12, 16-18.)

Plaintiff filed her complaint on November 19, 2012 against both Mark Citron and Jenkintown School District. The District filed a motion to dismiss on January 28, 2013. In light of the pending criminal charges against Citron, that motion was denied without prejudice on February 5, 2013, and the case was placed in suspense. The parties have now advised that Citron's criminal matter has been resolved and thus, this case has been restored to the active docket.

**III.   Discussion**

Plaintiff's complaint asserts five claims against the District: Count III pleads a claim under 42 U.S.C. § 1983 and alleges that the District "violated the Plaintiff's rights to bodily integrity under the 14th Amendment to the United States Constitution" by failing to protect Plaintiff from Citron. Count V alleges a state law claim for intentional infliction of emotional distress. Count VII claims that the District is vicariously liable for the sexual assaults committed

2

by Citron. Count VIII alleges a claim for negligent supervision of Citron and Count IX alleges a claim for negligent infliction of emotional distress.[1] The District has moved to dismiss all five claims, arguing that they either fail to allege a right to relief, or are barred by the statute of limitations.

### A.   Statute of Limitations

Normally, a motion to dismiss is not the proper vehicle for asserting a time bar. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). Under the so-called "Third Circuit Rule," the defendant may, however, assert a statute of limitations defense via a motion to dismiss if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Id. (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)). Defendant asserts that that is the case here, and indeed, Plaintiff does not argue that the dates set out in the complaint are insufficient to examine the timeliness of her claims. Accordingly, consideration of the limitations defense is appropriate.

Plaintiff turned 18-years-old on June 18, 2010, and the parties appear to agree that the statute of limitations began to run on that date. The complaint was not filed until November 2012, almost two and one-half years later. Thus, the complaint is untimely if the limitations period is two years, but timely if the period is longer. The District argues that all of Plaintiff's claims are governed by a two-year limitations period, while Plaintiff asserts that a longer twelve-year period covers the claims at issue. Compare 42 Pa. Con. Stat. § 5524 (two-year statute of limitations for personal injury claims) with 42 Pa. Con. Stat. § 5533(b)(2)(i) (statute of

---

[1] Counts IV and VI of the complaint assert claims against Defendant Citron, who has not filed a motion to dismiss in this matter.  Counts I and II of the complaint identify the parties, jurisdiction, venue, and background of the case, but do not set forth allegations against either the District or Citron.

limitations expires 12 years after minor's eighteenth birthday for claims "arising from childhood sexual abuse"). The District urges that the longer period in 42 Pa. Con. Stat. § 5533(b)(2) for claims "arising from childhood sexual abuse" applies only to claims against the abuser, not to claims against other individuals or entities. In other words, the District suggests that a claim asserting that the District knew of the abuse or should have done more to prevent it is not a claim "arising from childhood sexual abuse."

      42 Pa. Con. Stat. § 5533(b)(2) provides:

> (i) If an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the cause of action accrues, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages regardless of whether the individual files a criminal complaint regarding the sexual abuse.
>
> (ii) For the purposes of this paragraph, the term "childhood sexual abuse" shall include, but not be limited to, the following sexual activities between a minor and an adult, provided that the individual bringing the civil action engaged in such activities as a result of forcible compulsion or by threat of forcible compulsion which would prevent resistance by a person of reasonable resolution:
>
>> (A) sexual intercourse, which includes penetration, however slight, of any body part or object into the sex organ of another;
>>
>> (B) deviate sexual intercourse, which includes sexual intercourse per os or per anus; and
>>
>> (c) indecent contact, which includes any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in either person.

"Forcible compulsion" is defined by reference to the criminal code, and is "[c]ompulsion by use of physical, intellectual, moral, emotional, or psychological force, either express or implied."

4

The District does not dispute that Plaintiff engaged in sexual conduct with Citron other than by forcible compulsion. Instead, the District contends that "[i]t is clear from the language of [the statute] that the twelve year statute would apply only to someone who commits the sexual abuse and not any action against the School District, where the allegations and proof required are not that the School District abused the minor but that it knew of the abuse and was indifferent to it." (Def. Br. 5.) For the following reasons, I disagree with the District's position.

First, despite arguing that the "language" makes "clear" that the statute only applies to civil actions against the abuser, the District is unable to point to any language in the statute imposing this limitation. The key phrase in the statute—"a civil action arising from childhood sexual abuse," reveals nothing about the identity of the defendant.

Second, the District's restricted reading would require an unusual use of the phrase "arising from," which normally would denote nothing more than a causal connection between the "civil action" and the "childhood sexual abuse." See In re Telegroup, Inc., 281 F.3d 133, 138 (3d Cir. 2002) (interpreting 11 U.S.C. § 510(b) and noting that "[f]or a claim to 'aris[e] from the purchase or sale of . . . a security,' there must obviously be some nexus or causal relationship between the claim and the sale of the security"); United States v. Bradford, 433 F. Supp. 2d 1001, 1003 (N.D. Iowa 2006) ("In the federal common law of contracts, 'arising from' is a broad contractual phrase that encompasses almost any causal connection or relationship."). It would not be unnatural, for example, to refer to insurance disputes "arising from" a terrorist attack. SR Int'l Business Ins. Co. Ltd. v. World Trade Center Props., LLC, 445 F. Supp. 2d 320 (S.D.N.Y. 2006).

5

There is plainly a causal connection in this case between Plaintiff's claims against the District and the sexual abuse she allegedly suffered. I will therefore apply the 12-year limitations period to all of Plaintiff's claims, and find that they are timely.

### B.     Political Sub-Division Tort Claims Act

The District also asserts that it is entitled to immunity from Plaintiff's state law claims based on Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. Con. Stat. § 8541. That provision generally immunizes local agencies from liability for damages, subject to certain exceptions. Although § 8542 provides a number of exceptions, none of them are applicable to this case, and Plaintiff does not argue otherwise. Instead, Plaintiff asserts that an exception set out in 42 Pa. Con. Stat. § 8550 applies:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

Plaintiff contends that she has alleged sufficient "willful misconduct" on the part of the District to bring her claims within the § 8550 exception.

By its terms, application of this section withdraws protections that flow from four separate and specific provisions (42 Pa. Con. Stat. § 8545, 8546, 8548, 8549). The statute does not mention immunity set forth in 42 Pa. Con. Stat. § 8541, which is the provision that immunizes the District. Pennsylvania courts have thus concluded that section 8550 "only abolishes immunity for willful misconduct which pertains to local agency employees . . . and does not affect the immunity of local agencies." King v. Breach, 540 A.2d 976, 979 (Pa. Cmwlth. Ct. 1988). Federal cases, including DiSalvio v. Lower Merion School District, 158 F.

Supp. 2d 553 (E.D. Pa. 2001) (relied upon by Plaintiff), are in accord. See, e.g., Joseph M. v. Northeastern Educ. Intermediate Unit 19, 516 F. Supp. 2d 424, 444 (M.D. Pa. 2007) (dismissing school district based on immunity, while concluding that individual defendants could be held liable based on willful misconduct exception); DiSalvio, 158 F. Supp. 2d at 563-64 (dismissing claims against district while permitting claims against individuals to go forward on willful misconduct theory). Consequently, because the District is entitled to immunity, and no exceptions apply, Plaintiff's state law claims will be dismissed.

However, the same reasoning does not apply to Plaintiff's claim under 42 U.S.C. § 1983. This is because the Pennsylvania Torts Claims Act does not immunize municipalities against federal causes of action. Joseph M., 516 F. Supp. 2d at 444. In order to ultimately recover against the District, Plaintiff will have to establish that the District had a policy or custom that was the "moving force" behind a violation of her constitutional rights. Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006). The statute does not provide for respondeat superior liability. Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978).

Plaintiff's complaint accuses the District of violating her "rights to bodily integrity under the 14th Amendment to the United States Constitution." (Compl. ¶ 22.) In its motion to dismiss, the District does not challenge the sufficiency of the allegations in Plaintiff's complaint with respect to the section 1983 claim. Accordingly, at this stage, I will permit the claim to go forward without further inquiry.

**IV.     Conclusion**

Although I find that none of Plaintiff's claims against the District are barred by the statute of limitations, I do conclude that the District is entitled to immunity with respect to all of Plaintiff's state law claims. Those claims are therefore dismissed. However, Plaintiff's federal

7

constitutional claim under 42 U.S.C. § 1983 may proceed at this stage, on the theory that the District violated Plaintiff's 14th Amendment rights.

An appropriate order follows.