

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALYSSA VINEY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  12-6517 |
| | : | |
| JENKINTOWN SCHOOL DISTRICT, ET AL., | : | |
| | : | |
| Defendants. | : | |

**FILED**
MAY 1 1 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW,** this 11th day of May, 2015, upon consideration of Plaintiff's "Motion for Entry of Default Judgment" (doc. no. 39), and following an assessment of damages hearing on April 9, 2015, I find as follows:

1. The events which give rise to this litigation occurred between January 2010 and June 2010 when Plaintiff, now a college student in her early twenties, was a 17-year-old senior at Jenkintown High School (the "High School").  During those six months, Plaintiff was sexually victimized by Defendant Mark Citron, a 43-year-old Athletic Director and Principal's Assistant at the High School.

2. Plaintiff brought several state and federal claims against Defendants Citron and the Jenkintown School District ("the District").  The District filed a motion to dismiss, which I granted regarding Plaintiff's state law claims, but denied as to the federal civil rights claim under 42 U.S.C. § 1983 ("Section 1983").  On February 25, 2015, Plaintiff resolved this remaining claim against the District.  Defendant Citron is thus the sole remaining defendant in this case.

1

3. Plaintiff brought both a federal and a state law claim against Defendant Citron. The federal claim is a Section 1983 due process claim for violating Plaintiff's right to bodily integrity under the Fourteenth Amendment (Count IV), and the state law claim is for intentional infliction of emotional distress (Count VI). Defendant Citron did not answer the complaint, and, on December 10, 2014, the Clerk of Court entered default against him. Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought had failed to plead or otherwise defend . . . the clerk must enter the party's default.") By virtue of the default, liability against Defendant Citron has been established, and this April 9, 2015 hearing was thus limited to the assessment of damages. See Fed.R.Civ.P. 55(b) (stating that where a default has been entered, and the plaintiff's claim is not for a sum certain, "the party must apply to the court for a default judgment," and the court may conduct a hearing to "determine the amount of damages.") Defendant Citron did not appear or otherwise participate at the hearing.

4. At the evidentiary hearing, Plaintiff's counsel proffered much of Plaintiff's testimony, and Plaintiff and her mother also testified. Several exhibits were also entered into evidence, which include the affidavit of probable cause for the arrest of Defendant Citron and transcripts of interviews taken by the Montgomery County Detectives of Plaintiff and a High School guidance counselor and social worker during the criminal investigation of Defendant Citron.

5. The basic facts of this case are as follows. As a teenager, Plaintiff had mental health issues, including depression and suicidal ideations, and attended an alternative high school for her junior year. In her senior year, she returned to Jenkintown High School, where a Section 504 Accommodation Plan – which ensures that students with disabilities

are given individualized help – was put into place.  At faculty meetings concerning the Plan – at which Defendant Citron was present – a High School social worker and guidance counselor suggested that "no male be with [Plaintiff] behind closed doors."  In January 2010, Defendant Citron began to regularly telephone (through an internal phone system) Plaintiff's teachers and order Plaintiff to come to his office.  These meetings occurred on practically a daily basis until June 2010.  During one of the early meetings, Defendant Citron started kissing Plaintiff.  Defendant Citron's behavior escalated quickly, to him touching Plaintiff and having Plaintiff touch him under and over his pants.  On one occasion, Defendant Citron initiated sexual intercourse with Plaintiff; on another occasion, Plaintiff performed oral sex on Defendant Citron.

6. These incidents came to light about two years later, in January 2012, when Plaintiff disclosed them to her therapist.  The therapist reported the incidents to the ChildLine and Abuse Registry of the Pennsylvania Department of Human Services, and an investigation was commenced by the Jenkintown Police Department and the Montgomery County Detective Bureau.  Defendant Citron was arrested, fired from his job at the High School, ultimately pled guilty to endangering the welfare of a child, and was sentenced to probation.

7. Plaintiff seeks compensatory damages for pain and suffering.  As a result of the incidents with Defendant Citron, Plaintiff has regressed in the treatment of her mental health issues, and has been seeing a therapist until very recently.  Plaintiff also had to undergo the emotional trauma of having to participate in the criminal prosecution of Defendant Citron, which was delayed on many occasions and took about two years to complete.  Plaintiff further continues to suffer the emotional stress of being associated with the

3

incidents with Defendant Citron.  Plaintiff is from a small town where members of the community are aware of the incidents, which were the subject of an article, which identified Plaintiff by name, in a prominent Philadelphia area magazine which is quickly and publicly accessible on the internet.  In addition, Plaintiff understands that Defendant Citron is still living in the Philadelphia area, and is overcome with anxiety that she may encounter him again.

8.  In short, I find that the sexual victimization of Plaintiff by Defendant Citron has resulted in severe emotional trauma with lasting effects such that Plaintiff has endured and will continue to endure significant pain and suffering.

**WHEREFORE**, it is hereby **ORDERED** that:

- Plaintiff is awarded Six Hundred Fifty Thousand Dollars (**$650,000.00**) in damages for pain and suffering;

- Defendant Citron shall pay the damages owed within thirty (30) days of the date of this Order; and

- The Clerk of Court shall mark this case **CLOSED**.

ENTERED

MAY 1 1 2015

BY THE COURT:     CLERK OF COURT

_____

**MITCHELL S. GOLDBERG, J.**

5/11/15 mal
Citron

4